UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MICHAEL HENRY,

               Petitioner,

                                       Case No. 22-cv-11159

v.

                                       Hon. Mark A. Goldsmith

MICHAEL BURGESS,

               Respondent.

_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      In 2022, Petitioner Joseph Michael Henry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). The petition challenges his Macomb County jury-based convictions and sentence for assault by strangulation, Mich. Comp. Laws § 750.84(1)(b), and domestic violence, Mich. Comp. Laws § 750.81(2). Petitioner raises claims concerning the jury instructions, ineffective assistance of counsel, habitual-fourth offender notice, and request for evidentiary hearing. Respondent filed an answer, contending that the claims lack merit. Answer (Dkt. 7).

      For the reasons set forth below, the Court concludes that Petitioner is not entitled to habeas relief and denies the petition. The Court also declines to issue a certificate of appealability.

## I.      BACKGROUND

      Petitioner's convictions arose from the assault and strangulation of his fiancée in Macomb Township, Michigan. The following facts as recited by the Michigan Court of Appeals are

presumed correct on habeas review.  <u>Wagner v. Smith</u>, 581 F.3d 410, 413 (6th Cir. 2009); 28 U.S.C.

§ 2254(e)(1):

> This case arises from two incidents of assault, battery, and domestic violence between defendant and the victim—his fiancée—in Macomb Township, Michigan. The victim testified that on January 6, 2018, defendant pushed her against her dresser, "put his hand around [her] throat and started squeezing [her] neck." This caused the victim to feel dizzy and her face began to tingle. The victim also testified that on January 10, 2018, defendant got on top of her on her father's bed, put his hand on her throat, and began suffocating her. The victim could not breathe, her face became tingly, and she was losing her ability to hear. While this was occurring, defendant stated that he "was gonna make this worth his while." The victim's son interrupted the first assault. The victim's father interrupted the second assault, causing defendant to flee the scene.
>
> At the close of trial, when the trial court read the jury instructions, it did not state that the jury had to be unanimous with regard to the acts constituting the assault-by-strangulation offense, did not state that the jury could consider lesser-included offenses as an alternative to the assault-by-strangulation charge. After it had instructed the jury, the trial court asked both the prosecutor and defense counsel if they were satisfied with the instructions given. Defendant's counsel responded, "I am, Judge." The jury convicted defendant of both assault by strangulation and domestic violence.
>
> It is uncontested that the prosecutor did not timely file the proof of service of the notice of intent to enhance defendant's sentence under MCL 769.12, as required by MCL 769.13(1). But at a pretrial hearing on May 3, 2018, at which the defendant was present, the prosecutor stated on the record that "[w]e are looking at possibly a 25-year minimum as far as sentencing goes, so we were discussing a possible deviation request to lessen that, um, lessen the habitual notice." Later during the same hearing, defendant's attorney acknowledged the potential enhanced sentence. Therefore, defendant was on notice of the prosecutor's intent to enhance his sentence as a habitual offender. The trial court subsequently sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to a term of 25 to 40 years in prison for the assault-by-strangulation conviction and 271 days in jail for the domestic-violence conviction, with credit for 271 days served.

<u>People v. Henry</u>, No. 346269, 2020 WL 1286260, at *1 (Mich. Ct. App. Mar. 17, 2020).

On August 30, 2018, the jury convicted Petitioner of assault by strangulation and domestic

violence.  The trial court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp.

Laws § 769.12, to a term of 25 to 40 years in prison for the assault-by-strangulation conviction

and 271 days in jail for the domestic-violence conviction, with credit for 271 days served.

Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

    I.    Was Mr. Henry's right to a properly instructed jury violated where the trial court failed to instruct the jury that they needed to be unanimous as to the acts they used to convict him of assault with intent to [do] great bodily harm less than murder and domestic violence? Alternatively, was trial counsel ineffective for failing to request such an instruction?

    II.    Were Mr. Henry's right to a fair trial and a properly instructed jury violated where the trial court did not instruct the jury on the lesser offense of domestic violence? Alternatively, was trial counsel ineffective for failing to request the instruction where (1) there were two acts and two counts alleged at trial; and (2) his sole theory was that Mr. Henry was only guilty of committing acts of domestic violence in each instance?

    III.    Is Mr. Henry entitled to resentencing where the prosecution failed to provide proper notice under MCL 769.13(2) that he was subject to a 25-year mandatory minimum if convicted at trial?

    IV.    Should [the Michigan Court of Appeals] remand this case and order the trial court to correct the presentence investigation report by removing references inaccurate and irrelevant information?

5/3/19 Br. on Appeal at PageID.596 (Dkt. 8-11).

The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentence. Henry, 2020 WL 1286260. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. On March 2, 2021, the Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed[.]" People v. Henry, 954 N.W.2d 805 (Mich. 2021).

Petitioner then filed the present habeas petition in this Court, which raises the following claims for relief:

    I.    Henry's constitutional right to due process and a fair trial were violated where the trial court failed to instruct the jury that they needed to be unanimous as to the acts they used to convict him of assault with intent to do great bodily harm less than murder and domestic violence. Alternatively, trial counsel was constitutionally ineffective for failing to request such an instruction.

3

II.    Henry's rights to due process, a fair trial, and a properly instructed jury were violated where the trial court did not instruct the jury on the lesser offense of domestic violence. Alternatively, trial counsel was constitutionally ineffective for failing to request the instruction where (1) there were two acts and two counts alleged at trial; and (2) his sole theory was that Henry was only guilty of committing acts of domestic violence in each instance.

III.    Henry is entitled to resentencing where the prosecution failed to provide proper notice under MCL 769.13(2) that he was subject to a 25-year mandatory minimum if convicted at trial.

IV.    Petitioner is entitled to an evidentiary hearing on these matters.

Pet. at PageID.2.

Respondent filed an answer to the petition, contending that Petitioner waived his jury instruction claims, and all claims lack merit. See Answer.

## II.    STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 586 U.S. 45, 48 (2019). A federal court may grant habeas corpus relief only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of," Supreme Court precedent that was "clearly established" at the time of the adjudication. 28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. To obtain habeas relief in federal court, a state

4

prisoner must show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011).

A state court's factual determinations are presumed correct on federal habeas review. <u>See</u> 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. <u>Id</u>. For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011).

### III.    ANALYSIS

#### A.  Jury Instructions

Petitioner brings claims challenging the trial court's instructions to the jury. Because these claims are related, the Court will discuss them together. Petitioner argues that the trial court erred by failing to sua sponte instruct the jury that it had to be unanimous with respect to the acts constituting the assault-by-strangulation offense and by failing to instruct that the jury could consider lesser-included offenses as an alternative to the assault-by-strangulation charge. Petitioner also brings related ineffective-assistance-of-counsel claims for failing to request the instructions. The Michigan Court of Appeals rejected these claims on direct appeal. <u>Henry</u>, 2020 WL 1286260, at *2–3.

#### 1.  Waiver

The Michigan Court of Appeals disposed of Petitioner's jury instructions claims based on waiver because trial counsel expressly approved the instructions. <u>Id</u>. at * 2. The Court agrees and concludes that the claims are waived. Waiver is an "'intentional relinquishment of a known right.'" <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993) (quoting <u>Johnson v. Zerbst</u>, 304 U.S.

458, 464 (1938)).  A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error."  <u>United States v. Griffin</u>, 84 F.3d 912, 924 (7th Cir. 1996) (citing <u>Olano</u>, 507 U.S. at 733-34); <u>see also</u> <u>Shahideh v. McKee</u>, 488 F. App'x 963, 965 (6th Cir. 2012) ("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors").

In the present case, counsel stated that he was satisfied with the jury instructions as given by the trial court.  8/30/18 Trial Tr. at PageID.537 (Dkt. 8-9).  A defendant in a criminal case cannot complain of error which he has invited.  <u>Shields v. United States</u>, 273 U.S. 583, 586 (1927).  When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error.  <u>See</u> <u>Fields v. Bagley</u>, 275 F.3d 478, 486 (6th Cir. 2001).  By expressing satisfaction with the instructions, Petitioner is precluded from seeking habeas relief on these claims.

### 2.  Ineffective Assistance of Trial Counsel

In the alternative, Petitioner argues that trial counsel was ineffective for failing to request the unanimity and the lesser-included offense instructions.  Specifically, Petitioner contends that counsel was ineffective for failing to seek an instruction requiring the jury to unanimously agree on whether the January 6 or January 10 assaults were sufficient to convict him of assault by strangulation.  He also argues that counsel was ineffective for failing to seek an instruction on the lesser-included offenses of domestic violence or assault and battery.

With respect to the unanimity instruction, the Michigan Court of Appeals rejected this argument, concluding that Petitioner could not show prejudice because the "jury had ample evidence to conclude that on both January 6, 2018 and January 10, 2018, defendant committed assault by strangulation."  <u>Henry</u>, 2020 WL 1286260, at *2.  The Michigan Court of Appeals'

ruling was not an unreasonable application of federal law or contrary to clearly-established Supreme Court precedent.

On habeas corpus review, to prevail on an ineffective assistance of counsel claim, a petitioner must show that the state court's denial of his claim was contrary to, or an unreasonable application of the law. Strickland v. Washington, 466 U.S. 668 (1984). Strickland established a two-prong test for claims of ineffective assistance of counsel: a habeas petitioner must show (i) that counsel's performance was deficient, and (ii) that the deficient performance prejudiced the defense. See id. at 687. Petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and he must overcome the presumption that "the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 694.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" White v. Woodall, 572 U.S. 415, 419 (2014) (quoting Metrish v. Lancaster, 569 U.S. 351, 358 (2013)). In the context of an ineffective assistance of counsel claim under Strickland, the standard is "all the more difficult" because "[t]he standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Michigan Court of Appeals determined that counsel was not ineffective for failing to request the instruction because "the jury had ample evidence to conclude that on both January 6, 2018 and January 10, 2018, defendant committed assault by strangulation." Henry, 2020 WL 1286260, at *2. The Court agrees that the state-court record supports that the instruction was not

warranted.  The victim testified that on January 6, Petitioner placed his hands around her neck and squeezed to the point the victim felt dizzy.  8/29/18 Trial Tr. at PageID.358 (Dkt. 8-8).  The victim also testified that on January 10, Petitioner pushed her through drywall, and then through the door of her father's bedroom.  Id. at PageID.363–368.  Once in the bedroom, the victim testified that Petitioner "got on top of [her]" and "moved his hand to [her] throat."  Id. at PageID.369.  She further testified that "[t]his time he was actually . . .  suffocating me."  Id.  The Court agrees that either of these incidents could have supported a guilty verdict of assault by strangulation.

Moreover, counsel's performance was not deficient for failing to request an unanimity instruction because the jury was not required to unanimously agree on the incident supporting the verdict.  The Supreme Court explained:

> Juries are typically called upon to render unanimous verdicts on the ultimate issues of a given case.  But it is understood that different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.  Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.

McKoy v. North Carolina, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring) (footnote omitted).  Simply stated, "juries are not required to agree on the theory of guilt." Rogers v. Howe, 64 F. App'x 450, 454 (6th Cir. 2003).  It is acceptable for a conviction to be based on two alternative theories "even if there is no basis to conclude which one (if only one) the jury used." Coe v. Bell, 161 F.3d 320, 348 (6th Cir. 1998) (citing Schad v. Arizona, 501 U.S. 624, 631 (1991)).  For these reasons, Petitioner's counsel was not ineffective for failing to request an unanimity instruction.

With respect to the lesser-included-offense instruction, the Michigan Court of Appeals determined that counsel was not ineffective, stating:

> This argument fails for the simple reason that defendant's attorney may have reasonably believed that the jury could choose to convict defendant of domestic violence but not convict him of assault by strangulation. In other words, defendant's

> trial counsel may well have been pursuing an "all or nothing" defense with respect to the more serious charge of assault by strangulation. "The decision to proceed with an all or nothing defense is a legitimate trial strategy" in the context of a claim of ineffective assistance of counsel. See People v. Nickson, 120 Mich. App. 681, 687, 327 N.W.2d 333 (1982). While such a defense may present certain risks, this Court will not second-guess matters of strategy or use the benefit of hindsight when assessing counsel's competence. Based on our review of the record, defendant has not established that his counsel's performance fell below an objective standard of reasonableness. See Uphaus, 278 Mich. App. at 185, 748 N.W.2d 899.

Henry, 2020 WL 1286260, at *3.

The Michigan Court of Appeals' ruling was not an unreasonable application of federal law or contrary to clearly-established Supreme Court precedent. As an initial matter, "[t]he Supreme Court . . . has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case." McMullan v. Booker, 761 F.3d 662, 667 (6th Cir. 2014) (citing Beck v. Alabama, 447 U.S. 625, 638, n.14 (1980)). "Because the Supreme Court has never held that due process requires lesser-included-offense instructions in a non-capital case, [petitioner's] claim rests on no such federal ground." Id. Considering there is no clearly established Supreme Court caselaw entitling Petitioner to an instruction on lesser-included offenses in a non-capital case, Petitioner is not entitled to relief on this basis.

Additionally, Petitioner cannot overcome the presumption that counsel's decision to forgo requesting a lesser-included assault or domestic violence instruction was sound trial strategy. During closing argument, counsel exclusively argued that Petitioner did not choke or strangle the victim and asked the jury to return a not guilty verdict. 8/30/18 Trial Tr. at PageID.520 (Dkt 8-9). Counsel's strategy to seek an acquittal is entitled to deference.

For instance, the Sixth Circuit has declined to find ineffective assistance of counsel where counsel's failure to request a lesser-included voluntary manslaughter instruction was consistent with the defendant's effort to seek a full acquittal on the basis of self-defense. See Lewis v. Russell, 42 F. App'x 809, 810–811 (6th Cir. 2002). Similarly, in Edwards v. Mack, the Sixth

Circuit concluded that counsel was not ineffective for waiving jury instructions for lesser-included offenses where counsel and the defendant hoped to obtain an acquittal on the murder charge.  See Edwards v. Mack, 4 F. App'x 215, 217–218 (6th Cir. 2001).  Overall, the Sixth Circuit has concluded that such a "high risk, high reward" strategy is reasonable when there is sufficient evidence in the record to support a chance of acquittal.  See Kelly v. Lazaroff, 846 F.3d 819, 830 (6th Cir. 2017); see also Harrop v. Sheets, 430 F. App'x 500, 507 (6th Cir. 2011) (discussing that counsel could have reasonably decided not to request a lesser offense instruction because such an instruction "would have diluted the other arguments [counsel] was advancing to the jury").

Here, counsel's decision to seek an acquittal was reasonable considering Peggy Kleiner's testimony that the victim told her the strangulation never happened.  8/30/18 Trial Tr. at PageID.500 (Dtk. 8-9).  Moreover, defense counsel drew out several inconsistences in the victim's testimony regarding the strangulation.  Because these facts support a chance of acquittal, counsel did not perform deficiently.

In sum, Petitioner's situation is similar to those presented in Edwards, Kelly, and Harrop, where the Sixth Circuit concluded that counsel was not ineffective for not requesting lesser-included offense instructions because the defendant hoped to obtain a complete acquittal.  For these reasons, counsel was not ineffective.  Petitioner is not entitled to habeas relief on this claim.

**B.  Habitual-Offender Notice**

Next, Petitioner argues that he was not provided with sufficient notice of the prosecution's intent to charge him with being a fourth habitual offender because the prosecutor failed to file the proof of service.  The Michigan Court of Appeals rejected this claim, concluding that the prosecutor's failure to file the proof of service under Mich. Comp. Laws § 769.13(1) was harmless

10

error because "defendant had actual notice that if convicted, he faced a 25-year minimum sentence." Henry, 2020 WL 1286260, at *3.

First, Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). State-law error establishes a federal constitutional claim only where the error "is so fundamentally unfair that it rises to the level of a due-process violation." Collier v. Lafler, 419 F. App'x 555, 558 (6th Cir. 2011). "Such a challenge may be cognizable . . . if the petitioner shows that the sentence was based on 'misinformation of constitutional magnitude,' Roberts v. United States, 445 U.S. 552, 556 (1980) (quoting United States v. Tucker, 404, U.S. 443, 447 (1972)), or 'extensively and materially false' evidence that the petitioner had no opportunity to cure, Townsend v. Burke, 334 U.S. 736, 741 (1948)." Cooper v. Howard, No. 24-1850, 2025 1013441, at *2 (6th Cir. Mar. 18, 2025).

Second, to the extent Petitioner's claim implicates his constitutional rights, due process does not require a defendant to "be notified in advance that 'the trial on the substantive offense will be followed by a habitual criminal proceeding.'" Kennedy v. Burgess, No. 22-1101, 2022 WL 18797053, at *2 (6th Cir. Sept. 2, 2022) (quoting Oyler v. Boles, 368 U.S. 448, 452 (1962)) (punctuation modified). "But 'a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.'" Id. (quoting Oyler, 368 U.S. at 452).

Here, Petitioner received reasonable and actual notice. The state-court record reflects that the prosecution filed the habitual-fourth offender notice in the trial court on February 23, 2018, approximately six months before Petitioner's trial. Register of Actions, at PageID.150 (Dkt. 8-1). Additionally, during a pre-trial conference held on May 3, 2018, the prosecutor stated, in the

presence of Petitioner, that "We are looking at possibly a 25-year minimum as far as sentencing goes, so we are discussing a possible deviation request to . . . lessen the habitual notice."  5/3/18 Pretrial Tr. at PageID.176 (Dkt. 8-4).  The Court therefore concludes that Petitioner received actual notice.

Petitioner offers no argument as to why his constitutional rights, as clearly established by the Supreme Court, were violated despite receiving actual notice that he was being charged as a fourth-time habitual felony offender.  Additionally, Petitioner does not dispute that he had at least three prior felony convictions that justified the fourth habitual offender sentencing enhancement. Due process requires nothing more.  Oyles, 368 U.S. at 452-454; see also Brown v. Nagy, No. 19-1847, 2019 WL 7761722, *8 (6th Cir. Dec. 16, 2019) (denying a certificate of appealability on similar habitual offender notice claims).  Habeas relief is not warranted on this claim.

**C. Evidentiary Hearing**

Lastly, Petitioner argues that he is entitled to an evidentiary hearing on his claims.  Because the Court has already determined that Petitioner's claims lack merit and that he is not entitled to habeas relief, his request for an evidentiary hearing is denied.

### IV.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.

Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.  Before Petitioner may appeal, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court denies relief on the merits, the substantial showing threshold

is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484–485 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In this case, Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court denies a COA.

Lastly, the Court denies Petitioner leave to proceed in forma pauperis on an appeal because an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

**SO ORDERED.**

Dated: September 29, 2025                s/Mark A. Goldsmith
Detroit, Michigan                        MARK A. GOLDSMITH
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

                                         s/Joseph Heacox
                                         JOSEPH HEACOX
                                         Case Manager